United States District Court
Southern District of Texas
**ENTERED**
September 03, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| JOHN A. CARROLL, § | |
| § | |
| Petitioner, § | |
| § | CIVIL ACTION NO. 7:18-CV-273 |
| VS. § | |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner John A. Carroll, a state prisoner proceeding pro se, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.) In 2016, Petitioner pleaded guilty to felony possession with intent to deliver a controlled substance causing death and was sentenced to four years confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). In seeking federal habeas relief, Petitioner does not challenge his conviction or sentence, but rather his claims address the decision by the Texas Board of Pardons and Paroles (Board) in 2017 to deny his release to discretionary mandatory supervision (DMS). Petitioner challenges the Board's decision on four grounds, including claims that the Board violated his rights to Equal Protection and Due Process based on the Board's "arbitrary" decision.

Pending before the District Court is Respondent's Motion for Summary Judgment. (Docket No. 6.) Respondent argues that the petition should be dismissed because Petitioner's claims are all unexhausted. (*Id.* at 5-7.) Petitioner did not respond to Respondent's motion for summary judgment.

After carefully considering the pleadings in this case, the state court record, and the applicable law, the undersigned concludes that the § 2254 petition should be denied. Petitioner's claims are unexhausted, as he raises them for the first time in his federal habeas petition. Accordingly, for the reasons discussed further below, it is recommended that Respondent's motion for summary judgment be granted and that this action be dismissed without prejudice.

## I.  BACKGROUND

In 2015, Petitioner was charged with felony possession with intent to deliver a controlled substance causing death in the 195th District Court of Dallas, County, Texas. As noted, Petitioner pleaded guilty to the charge and was sentenced to our years confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). Petitioner began serving his sentence on February 19, 2016, and the Texas Board of Pardons and Paroles (Board) has denied his release on three separate occasions. (Docket No. 6-4, at 3.)

On October 26, 2017, the Board informed Petitioner that it had reviewed his case for possible release on Discretionary Mandatory Supervision (DMS), but it denied his release. (Docket No. 1-2; Docket No. 6-4, at 3.) The Board listed six reasons for denying Petitioner release on DMS, which included the following (among other things): 1) Petitioner's "record indicates that [his] release would endanger the public"; 2) Petitioner's record indicates a "predisposition to commit criminal acts upon release"; and 3) Petitioner's "record indicates excessive substance use involvement." (Docket No. 1-2.)

On May 3, 2018, Petitioner filed the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Board's decisions to deny him release to DMS. (Docket No. 1.) Petitioner asserts four claims in his federal petition, specifically: 1) the Board's denial is "in violation of equal protection and due process" because it was "arbitrary and

capricious"; 2) the denial also violates his due process rights because it amounted to a revocation of his accrued good time and work time credits; 3) the Board's decision is arbitrary because there is no evidence to support that his release would endanger the public; and 4) the Board's decision amounts to an "abuse of unfettered discretion." (*Id.* at ¶ 20 (Grounds One through Four).)

Respondent has moved for summary judgment, asserting that all of Petitioner's claims should be dismissed because he failed to exhaust his state court remedies. (Docket No. 6.)

## II.  ANALYSIS

Respondent argues that all four of Petitioner's claims asserted in his § 2254 federal petition should be dismissed because he has failed to exhaust his state remedies as required by 28 U.S.C. §§ 2254(b), (c). (Docket No. 8, at 6-10.) Respondent is correct.

Section 2254(b)(1)(A) provides that an application for writ of habeas corpus "shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State." Section 2254(c) further explains:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(c).

As the Supreme Court has noted, this exhaustion requirement gives "the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). Under § 2254(b), a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Stated another way, "[j]ust as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal

3

claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991).

Here, there can be no dispute that Petitioner failed to raise his claims at the state level. Petitioner asserts that all of his claims are raised for the first time in this federal writ of habeas corpus. (Docket No. 1, ¶ 23.) Specifically, he alleges that "Pursuant to Texas Government Code § 508.149(d) there is no administrative or judicial review available for the Petitioner to challenge the decision under state law." (*Id.*) However, as Respondent points out, Petitioner is incorrect.

In Petitioner's four claims, he alleges that the Board's denial of his release to DMS violated his constitutional rights, due process rights, and/or equal protection rights. (Docket No. 1, ¶ 20 ("equal protection and due process rights" (Ground One); "due process" (Ground Two); "unconstitutionally arbitrary" (Ground Three); "violates equal protection and due process" (Ground Four)).) All four of these claims are thus appropriately raised in state habeas actions. *Hess. v. Stephens*, 13-cv-93, 2013 WL 3204373, at *1 (N.D. Tex. June 24, 2013) ("[C]omplaints regarding the 'process' and the denial of constitutional or statutory rights in consideration of release may be raised by way of a [state] writ of habeas corpus."); *see also Garcia v. Tex. Bd. of Pardons and Paroles*, No. 08-cv-329, 2009 WL 1708077, at *2 (S.D. Tex. June 17, 2009) (Petitioner is required to exhaust his state remedies when challenging the denial of release to discretionary mandatory supervision.); *Washington v. Dretke*, No. 06-cv-1814, 2006 WL 1663387, at *1 (S.D. Tex. June 12, 2006) (same).

In addition, Petitioner argues that the Board violated his due process rights by revoking his "good time/work time credits." (Docket No. 1, ¶ 20 (Ground Two).) However, Petitioner was required to first challenge this revocation by way of a filing a Time Dispute Resolution (TDR) form. *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010) ("Under [Texas Government

4

Code § 501.0081], prisoners are required to seek administrative review of their time-credit disputes by filing a TDR before filing a state habeas application."); *see also Bolden v. Director, TDCJ-CID*, No. 08-cv-406, 2009 WL 1120010, at *1 (E.D. Tex. Apr. 27, 2009) ("inmates must seek relief through the time credit dispute resolution process prior to seeking state habeas corpus relief on time credit issues"). By his own admission, Petitioner failed to file a TDR regarding the Board's October 27, 2017 adverse decision.[1] (Docket No. 1, ¶ 23; *see also* Docket No. 6-4, at 4.)

As such, because Petitioner failed to exhaust his state court remedies, the claims he asserts in his federal habeas corpus petition should be dismissed.

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Respondent's Motion for Summary Judgment (Docket No. 6) be GRANTED, that Petitioner's § 2254 habeas petition (Docket No. 1) be DENIED, and that this action be DISMISSED without prejudice for failure to exhaust state remedies. For the reasons discussed below, it is further recommended that Petitioner be denied a certificate of appealability.

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, the recently-amended § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, RULES GOVERNING SECTION 2254

---

[1] To be sure, Petitioner did file a TDR on February 21, 2017. (Docket No. 6-4, at 4.) However, that TDR was not a challenge to the Board's October 27, 2017 adverse decision to deny his release to DMS. (*Id.*) In fact, that TDR was filed and disposed of prior to the Board's decision that Petitioner now challenges in this federal habeas petition.

PROCEEDINGS. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability (COA).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a COA as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); s*ee also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* standard to a COA determination in the context of a habeas corpus proceeding). An applicant may also satisfy this standard by showing that "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Jones*, 287 F.3d at 329. As to claims that a district court rejects solely on procedural grounds, the prisoner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Here, Petitioner's § 2254 claims should be dismissed on procedural grounds. For the reasons explained in this report, the undersigned believes that reasonable jurists would not find debatable the conclusion that Petitioner's attacks on the Board's adverse decision should be dismissed because he failed to exhaust his state court remedies. Accordingly, Petitioner is not entitled to a COA.

**NOTICE TO THE PARTIES**

The Clerk shall send copies of this Report and Recommendation to Petitioner and counsel for Respondent, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on September 1, 2019.

_____
Peter E. Ormsby
United States Magistrate Judge